| | |
|---|---|
| **CAMERON ROGERS,** | ) |
| Plaintiff, | ) |
| v. | ) Case No.: 2019 08431 |
| **PHOENIX TRAMPOLINE PARK MANAGEMENT, LLC,** | ) |
| Serve: | ) |
| Corporation Service Company, Registered Agent | ) |
| 100 Shockoe Slip, Floor 2 | ) |
| Richmond, VA 23219 | ) |
| and | ) |
| **PHOENIX TRAMPOLINE FUN CENTERS, LLC d/b/a ATOMIC TRAMPOLINE FUN CENTER** | ) |
| Serve: | ) |
| Corporation Service Company, Registered Agent | ) |
| 100 Shockoe Slip, Floor 2 | ) |
| Richmond, VA 23219 | ) |
| **Defendants.** | ) |

FILED CIVIL INTAKE 2019 JUN 18 PM 3:31 JOHN T. FREY CLERK, CIRCUIT COURT FAIRFAX, VA

## COMPLAINT

Plaintiff Cameron Rogers, by counsel, and moves for judgment against Defendants Phoenix Trampoline Park Management, LLC and Phoenix Trampoline Fun Centers, LLC d/b/a Atomic Trampoline Fun Center (collectively, "Phoenix Trampoline") on the grounds and in the amount set forth as follows:

1. At all relevant times, Phoenix Trampoline operated Atomic Trampoline Fun Center ("Fun Center"), a private, for-profit indoor recreational facility, located at 1604 Village

Market Boulevard, Suite 110 in Leesburg, Virginia. The Fun Center features indoor trampolines and other amusements for people of all ages, including children.

2. One feature of the Fun Center is a "foam pit," a large pit filled with pieces of foam rubber. Patrons are invited to jump into the foam pit from trampolines, elevated platforms, or an adjacent deck with the expectation that they will land safely without serious injury.

3. Phoenix Trampoline possessed and operated the Fun Center premises and holds the Fun Center out as a recreational facility to which the public is invited. Phoenix Trampoline therefore had a duty to maintain the Fun Center in a reasonably safe condition, to make reasonable inspections to determine whether any defects or unsafe conditions existed on the Fun Center, to either make safe any defects or unsafe conditions that it knew or in the exercise of reasonable care should have known existed on the Fun Center, or to warn the public (including Rogers) of any defects or unsafe conditions which it knew or in the exercise of reasonable care should have known existed, and to refrain from creating an unsafe condition on the Fun Center.

4. On or about January 7, 2017, Rogers was a minor using the foam pit in the Fun Center when he was injured as a result of an unsafe condition in the pit, which was caused by Phoenix Trampoline's negligence.

5. On that date, Rogers paid admission to use the facilities at the Fun Center, including the foam pit, and was therefore Phoenix Trampoline's invitee.

6. When Rogers jumped into the foam pit, a screw or other object protruding from the foam pit's wall punctured his lower left leg and ripped through tissue to the bone, causing a severe, painful, and permanent laceration in which the saphenous nerve was severed.

7. Phoenix Trampoline knew or should have known that this unsafe condition existed in the foam pit, that this unsafe condition involved an unreasonable risk of harm to

2

Rogers, and that Rogers would not discover this unsafe condition. Several months earlier, a little girl sustained a similar injury when she jumped into the foam pit at the Fun Center, and Phoenix Trampoline was aware of that incident.

8. A screw protruding through the side of the foam pit, obstructed from view by foam blocks, is a condition that was unreasonably dangerous to users of the foam pit, including Rogers, who had the right to believe that the foam pit was reasonably safe to jump into. Rogers was unaware of this unsafe condition when he jumped into the pit.

9. Notwithstanding its duties to Rogers, Phoenix Trampoline breached its duties in that it failed to maintain the foam pit in a reasonably safe condition, failed to make reasonable inspections to determine whether any defect or dangerous condition existed in the foam pit, failed to use ordinary care to make any dangerous condition in the foam pit safe, created a dangerous condition in the foam pit, failed to fix a dangerous condition in the foam pit, failed to guard Rogers against injury from the dangerous condition, failed to warn Rogers of the dangerous condition, failed to exercise the degree of care required by the circumstances, and failed to comply with the applicable laws and regulations of the Commonwealth of Virginia.

10. At all relevant times, Cameron acted reasonably, without negligence, and with the same care that a reasonably prudent person would have exercised under the circumstances.

11. As a direct and proximate result of Defendants' joint and several negligence, Rogers suffered and continues to suffer serious and permanent bodily injuries and impairments, including permanent denervation and disfigurement of his left leg; physical pain and loss of sensation; mental anguish; disfigurement/deformity; humiliation; embarrassment; and inconvenience.

12. As a result of these injuries, the Plaintiff required and continues to require medical treatment, including emergency transport, hospitalization, surgery, and other treatments and therapies; has incurred and continues to incur medical costs and expenses associated with these treatments; was precluded and continues to be precluded from engaging in normal activities and pursuits; and has sustained and will continue to sustain other losses and damages.

13. All of Rogers' past, present, and future damages and losses are due solely to and by reason of the Defendants' joint and several negligence.

14. The negligence of the agents and employees of Phoenix Trampoline and the Fun Center is imputable to Phoenix Trampoline.

WHEREFORE, Plaintiff Cameron Rogers moves this Court for judgment against Defendants Phoenix Trampoline Park Management, LLC and Phoenix Trampoline Fun Centers, LLC d/b/a Atomic Trampoline Fun Center, separately and jointly, in the amount of ONE MILLION FIVE HUNDRED FIFTY THOUSAND DOLLARS ($1,550,000.00) with pre-judgment interest beginning on January 7, 2017, an award of attorneys' fees and costs, and any such other relief this Court deems just and proper.

Plaintiff demands a trial by jury of all issues.

Respectfully submitted,

CAMERON ROGERS
By Counsel

Dated: June 18, 2019

BLANKINGSHIP & KEITH, P.C.

By: _____
Juli M. Porto, VSB #80820
  jporto@bklawva.com
Aneta Nikolic, VSB #92432
  anikolic@bklawva.com
4020 University Drive, Suite 300
Fairfax, Virginia 22030
Telephone: 703-691-1235
Facsimile: 703-691-3913